

CORPORATION SERVICE COMPANY·

# Notice of Service of Process

MDM / ALL
Transmittal Number: 5942897
Date Processed: 07/31/2008

| | |
|---|---|
| Primary Contact: | Mr. Marcus Banks<br>Wyndham Worldwide Corporation<br>7 Sylvan Way<br>Parsippany, NJ 07054 |
| Copy of transmittal only provided to: | Scott McLester |

| | |
|---|---|
| Entity: | Days Inns Worldwide, Inc.<br>Entity ID Number 2131258 |
| Entity Served: | Days Inns Worldwide, Inc. |
| Title of Action: | South Central Kentucky Properties, Inc. vs. Days Inns Worldwide, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Barren Circuit Court, Kentucky |
| Case Number: | 08-CI-00496 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 07/31/2008 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | John H. Dwyer, Jr.<br>502.589.4600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Exhibit A

Generated: 07/28/2008

| AOC-S-105 Sum Code: CI<br>Rev. 7-99<br><br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; Cr Official Form 1 | <br>**Civil Summons** | Case Number **08-CI-00496**<br>Court CI<br>County BARREN |

*Plantiff,* SOUTH CENTRAL KENTUCKY PROPERTIES INC. VS. DAYS INNS WORL, *Defendant*

DAYS INNS WORLDWIDE INC.

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons. Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, KRISSIE COE FIELDS

By _____ , DC

Date: 07/28/2008

SERVE: CSC-LAWYES INC SERVICE CO
421 WEST MAIN STREET
FRANKFORT KY 40601

| **Proof of Service** |
|---|
| [ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)<br>To: _____ |
| [ ] Not Served because: _____ |
| Date: _____ , 2_____. |
| Served by _____ |

CI 08-CI-00496
SOUTH CENTRAL KENTUCKY PROPERTIES INC. VS. DAYS INNS WORL



CASE NO. 08-CI-00496

BARREN CIRCUIT COURT
DIVISION _____ (_____)
JUDGE _____

SOUTH CENTRAL KENTUCKY
PROPERTIES, INC.

. PLAINTIFF

v.                                  COMPLAINT

DAYS INNS WORLDWIDE, INC.                          DEFENDANTS
SERVE:
  CSC-Lawyers Inc. Service Co.
  421 West Main
  Frankfort, KY 40601

*  *  *  *  *  *  *

Plaintiff, South Central Kentucky Properties, Inc. ("South Central"), by counsel, for its

complaint against defendant, Days Inns Worldwide, Inc. ("Days Inn"), states as follows:

### PARTIES AND JURISDICTION

1.      South Central is a Kentucky corporation in good standing with its principal place

of business in Barren County, Kentucky.

2.      Days Inn is a Delaware corporation which transacts business in the

Commonwealth of Kentucky.

3.      This action arises out of Days Inn's transacting business in this commonwealth

and contracting to provide good and services in this commonwealth, and particularly in Barren

County.

### FACTS COMMON TO ALL COUNTS

1.      South Central and Days Inn entered into a contract on August 1, 1990, which was

renewed in 1999, in connection with the operation of a hotel in Cave City, Kentucky (the

"contract").

2.      The contract required South Central to make certain improvements and take other

actions to meet Days Inn's standards within a specified period of time after the effective date of

the contract.

FILED

JUL 2 8 2008

KRISSIE COE FIELDS, CLERK
BY _____ D.C.

3.      South Central met these requirements.

4.      Under the contract, Days Inn was obligated to operate a computerized reservation system through which South Central would receive reservations.

5.      Participation in the nationwide reservation system was the most significant benefit of the contract for South Central.

6.      South Central has performed it obligations under the contract.

### Count I.      Breach of Contract – Reservation System

7.      South Central restates and re-alleges the averments of all previous paragraphs in this Complaint as if fully set forth herein.

8.      Days Inn has breached the contract by failing to provide 'South Central with access to the computerized reservation system, as required by the contract.

9.      As a result of this breach, South Central has suffered damages in an amount in excess of the minimum jurisdictional limits of this court.

### Count II.      Breach of Contract – Unreasonable Improvements

10.      South Central restates and re-alleges the averments of all previous paragraphs in this Complaint as if fully set forth herein.

11.      The contract required South Central to make certain improvements to its property to meet Days Inn's standards.

12.      Days Inn has insisted that South Central make improvements to the property that are unreasonable in light of the benefit received by South Central from the contract.

13.      This conduct by Days Inn constitutes a breach of its contract with South Central, and has caused South Central damages in excess of the minimum jurisdictional limits of this court.

### III.      Breach of Duty to Good Faith and Fair Dealing

14.     South Central restates and re-alleges the averments of all previous paragraphs in this Complaint as if fully set forth herein.

15.     The contract contains an implied duty of good faith and fair dealing. Days Inn's conduct in requiring unreasonable improvements to the property, removing South Central from the reservation system, and otherwise constitutes a breach of that duty.

16.     As a result of this breach, South Central has been damaged in excess of the minimum jurisdictional limits of this court.

WHEREFORE, having stated its complaint against Days Inn, South Central respectfully requests:

1.      Judgment against Days Inn in an amount established by the evidence;

2.      Leave to amend this complaint upon completion of reasonable discovery;

3.      All other relief to which South Central is now or hereinafter appears to be entitled; and

4.      Trial by jury on all issues that are triable.

Respectfully submitted:

Laurence J. Zielke
John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
1250 Meidinger Tower
462 South Fourth Street
Louisville KY  40202
502.589.4600
502.584.0422 (fax)
   jdwyer@zielkefirm.com
Counsel for South Central Kentucky
Properties, Inc.





CERTIFIED MAIL

KRISSIE
CIRCUIT
BARREN
P.O. B
GLASGO

7160 3901 9846 0672 0436

**RETURN RECEIPT REQUESTED**

CI 08-CI-00496

643187



02 1M          $ 05.49⁰
0004251256    JUL 28 2008
MAILED FROM ZIP CODE 42141



RETURN RECEIPT REQUESTED

DAYS INNS WORLDWIDE INC,
CSC–LAWYERS INC SERVICE CO
421 WEST MAIN
FRANKFORT KY 40601

40601+1813-21  C003